IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| AVILA FLORES, Reyna Isabel,<br><br>Plaintiff,<br><br>v.<br><br>RABABEH, Kheder<br><br>and<br><br>RABABEH, Imad,<br><br>Defendants. | JURY TRIAL DEMANDED<br><br>Civ. No: 1:15-cv-1415 (TSE/TCB) |

# **FIRST AMENDED COMPLAINT**

## **Preliminary Statement**

1. Plaintiff Reyna Isabel Avila Flores sues her former employers, Kheder and Imad Rababeh, for failure to pay minimum wages and overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201–219. This court has subject-matter jurisdiction over her claims pursuant to 29 U.S.C. § 216(b) (private right of action) and 28 U.S.C. § 1331 (federal question). Personal jurisdiction and venue are proper in this court because the defendants reside in this district, and because defendants' acts and omissions giving rise to this complaint occurred at defendants' restaurant in this district. *See* 28 U.S.C. § 1391(b)(1)-(2).

## PARTIES

2. Plaintiff Reyna Isabela Avila Flores is an adult resident of Fairfax County, Virginia. Ms. Avila worked as a food preparation worker for Mount of Lebanon Restaurant, a business located in Fairfax County.

3. Defendant Kheder Rababeh is an adult resident of Fairfax County. He is the father of defendant Imad Rababeh. Upon information and belief, Kheder Rababeh has been an owner and operator of Mount of Lebanon at all times relevant to this complaint.

4. Upon information and belief, Defendant Imad Rababeh is an adult resident of Fairfax County. He is defendant Kheder Rababeh's son.

## FACTS

5. Mount of Lebanon Restaurant is a restaurant located in Fairfax County. At one time, the restaurant was organized as an LLC. However, the restaurant's LLC status has been cancelled since November 30, 2013 for failure to pay the annual registration fee. *See* Va. Code §§ 13.1-1064 (penalty for failure to timely pay annual registration fees) and 13.1-1050.2 (automatic cancellation of LLC existence). During its existence, Kheder Rababeh was a member of the LLC.

6. Even after Mount of Lebanon's LLC status was cancelled, the restaurant continued to operate, and was still in operation as of the date of filing the original Complaint in this action.

7. Upon information and belief, since the dissolution of the above-mentioned LLC, Kheder and Imad Rababeh owned and operated Mount of Lebanon as a partnership: when U.S. Marshal Vincent O'Neal served Imad Rababeh with the original complaint and summons in this

action, O'Neal declared in his Proof of Service that Imad Rababeh was authorized by law to receive service on behalf of the Kheder Rababeh "organization" as a "partner." (ECF No. 5.)

8. On information and belief, the gross annual business volume of Mount of Lebanon exceeded $500,000 at all relevant times. The restaurant ordered and received supplies from other states, or that had traveled through interstate commerce.

9. Plaintiff Reyna Avila worked at Mount of Lebanon from about 2011 through August 17, 2015. Her principal duties included preparing food, cleaning the restaurant, kitchen maintenance, and dishwashing. There was no set order in which these tasks were to be performed each day.

10. Defendant Kheder Rababeh was the person who hired Ms. Avila, who set her work schedule and compensation, who instructed her in her duties on a day-to-day and hour-by-hour basis, who calculated and paid her wages, and who kept records of the hours that she worked and the wages she was paid.

11. Kheder Rababeh was typically on site for all or most of each work day.

12. Kheder Rababeh had the power to discipline workers, up to and including firing them. He could also dock their pay. For example, on the rare occasion where Ms. Avila had to leave work early due to an emergency, Kheder Rababeh would dock her for the entire day's pay.

13. The restaurant hired Ms. Avila to work 6 days a week, for 12 hours each day, for a total of 72 hours per week.

14. The restaurant kept a ledger of Ms. Avila's hours worked, the wages she was owed, and the wages she was paid. Upon information and belief, Kheder Rababeh maintained this ledger.

15. The restaurant paid Ms. Avila at a flat weekly rate of $650 per week. She received her wages from Kheder Rababeh as cash in hand.

16. Ms. Avila worked six days a week. If she ever missed a day of work, the restaurant reduced her weekly salary by $110, which is just over one-sixth of $650. ($108.33333333).

17. At no time during Ms. Avila's employment did the restaurant pay her time-and-a-half for any of the hours that she worked beyond 40 in a given week.

18. For her last five weeks of work, the restaurant did not pay Ms. Avila any wages at all, other than one single payment of $265.

19. The restaurant has committed nearly identical FLSA violations against another of its employees. The employee was paid at a flat weekly rate that did not apply an adjusted time-and-a-half premium to the worker's overtime hours, and the worker was not paid any wages at all for his last five weeks of work. *Antunez Garcia v. Mount of Lebanon Restaurant, LLC*, No. 1:15-cv-0543 (E.D. Va. 2015), ECF No. 14 at 3 - 4 (magistrate's proposed findings of fact) and ECF No. 15 (adopting the magistrate's factual findings).

20. Kheder Rababeh has hurt or attempted to hurt Ms. Avila several times. The first time he struck her occurred at in 2010, when Ms. Avila was working at another of Kheder Rababeh's businesses, Lebanese Butcher and Restaurant. Then in 2012, Kheder Rababeh bit Ms. Avila in the right shoulder. The bite left a knot under her skin, as well as a bruise. She can still feel it. On another occasion two years ago, Kheder Rababeh called a staff meeting at the restaurant to say that the workers had to stay at the restaurant later each day from then on. When Ms. Avila spoke up against the proposed change, Kheder Rababeh hit her in the face, drawing blood.

21. The most recent of violence occurred during Ramadan of 2015. Kheder Rababeh ordered Ms. Avila to prepare a dish that required milk. But the restaurant had no milk, so Ms. Avila could not prepare the dish. When Kheder Rababeh learned that Ms. Avila had not made the dish, he

became angry and started yelling. He grabbed a large saucepan and threw it at Ms. Avila, but he missed. Ms. Avila left the restaurant crying.

## **FAIR LABOR STANDARDS ACT CLAIMS**

22. At all times relevant to this action:

    a. Ms. Avila was Kheder Rababeh's "employee" within the meaning of 29 U.S.C. § 203(e)(1);

    b. Kheder Rababeh was Ms. Avila's "employer" within the meaning of 29 U.S.C. § 203(d);

    c. Kheder Rababeh "employed" Ms. Avila within the meaning of 29 U.S.C. § 203(g); and

    d. Ms. Avila was engaged in commerce, or was employed by Kheder Rababeh in an enterprise engaged in commerce.

### **Claim 1:**

### **Willful Failure to Pay Overtime Compensation**
### **29 U.S.C. § 207**

23. At no time during Ms. Avila's employment did the restaurant pay her time-and-a-half for any of the hours that she worked beyond 40 in a given week.

24. By failing to pay plaintiff Ms. Avila an hourly time-and-a-half overtime premium, defendants violated the overtime provisions of the Fair Labor Standards Act, 29 U.S.C § 207.

25. This violation was "willful" within the meaning of the FLSA, 29 U.S.C. § 255(a), in that defendants made no effort whatsoever to pay Ms. Avila the proper overtime premium, though she was plainly and obviously working overtime. In addition, Kheder Rababeh and the restaurant were recently found liable for nearly identical overtime violations against

another employee. *See Antunez Garcia v. Mount of Lebanon Restaurant, LLC*, No. 1:15-cv-0543 (E.D. Va. 2015), ECF No. 14–15 (findings of fact).

## Claim 2:

### Willful Failure to Pay Minimum Wages
### 29 U.S.C. § 206

26. Ms. Avila was required to receive at least $7.25 for each hour that she worked at Mount of Lebanon.

27. For her last five weeks of work, Ms. Avila received no wages at all, other than a single payment of $265.

28. This violation was "willful" within the meaning of the FLSA, 29 U.S.C. § 255(a), in that Ms. Avila received barely a tenth of the minimum wages she should have been paid for five weeks of work. In addition, Kheder Rababeh and the restaurant were recently found liable for nearly identical minimum wage violations against another employee. *See Antunez Garcia v. Mount of Lebanon Restaurant, LLC*, No. 1:15-cv-0543 (E.D. Va. 2015), ECF No. 14–15 (findings of fact).

## Requested Relief

Wherefore, Ms. Avila respectfully requests that this court provide the following relief:

1. Declare that Kheder Rababeh's FLSA overtime violations were willful, such that a three-year statute of limitations applies.

2. Award Ms. Avila her actual damages under the FLSA in the amount of all unpaid minimum wages and overtime, in an amount to be proved at trial, as well as an additional equal amount

in liquidated damages pursuant to 29 U.S.C. § 216(b), against defendant Kheder Rababeh; and jointly and severally against defendant Imad Rababeh for all damages accruing after November 30, 2013.

3. An award of plaintiff's costs and reasonable attorney's fees, as provided by the Fair Labor Standards Act, 29 U.S.C. § 216(b), jointly and severally against both defendants; and

4. Such other and further relief as this court deems necessary and proper.

Plaintiff demands trial by jury.

Respectfully submitted,

LEGAL AID JUSTICE CENTER

By: _____//s//_____        Date: 12/3/2015
Simon Y. Sandoval-Moshenberg (VSB No.: 77110)
6066 Leesburg Pike, Suite 520
Falls Church, Virginia 22041
Ph: (703) 778-3450
Fax: (703) 778-3454
simon@justice4all.org
*Counsel for Reyna Avila*

## Certificate of Service

I, the undersigned counsel for plaintiff, hereby certify that on this 3d day of December, 2015, I uploaded the foregoing First Amended Complaint to this court's CM/ECF system, which will cause a Notice of Electronic Filing (NEF) to be issued to all counsel of record.

By: _____//s//_____        Date: 12/3/2015
Simon Y. Sandoval-Moshenberg (VSB No.: 77110)
6066 Leesburg Pike, Suite 520
Falls Church, Virginia 22041
Ph: (703) 778-3450
Fax: (703) 778-3454
simon@justice4all.org
*Counsel for Reyna Avila*