April 7, 2016;

Dear Judge Buchanan,

Enclosed is my Response; I have found a lawyer who will help me. Attached is his letter of willingness to represent me.

I was never served, I never owned any share in the business, and I know that Reina never worked the hours she claims.

Subscribed and sworn Before me
By I mad Rababeh April 7, 2016

City of Alexandria

Margaret Madsen
Notary Public

Margaret Madsen

4/7/2016

MARGARET MADSEN
NOTARY PUBLIC
REG # 7523413
COMMISSION EXPIRES 2/29/20
COMMONWEALTH OF VIRGINIA



## Hadeed Law Group, PC

Attorneys & Counselors at Law
510 King Street, Suite 400, Alexandria, VA 22314
michael@hadeedlaw.com
Office 703.962.7452  Fax 703.962.7473

Michael Hadeed Jr., Esq.                                    Marcella Donovan Hadeed, Esq.

April 7, 2016

**By Hand Delivery**
Honorable Magistrate Judge Theresa C. Buchanan
Albert V. Bryan U.S. Courthouse
401 Courthouse Square
Alexandria, VA 22314

RE: Case 1:15-cv-1415
Reyna Isabel Avila Flores v. Kheder Rababeh, et al

Dear Judge Buchanan,

Mr. Imad Rababeh has asked me to help him in the referenced case. I am prepared to take his case on a pro bono basis, as he is in financial hardship. He is a student, and his job with his dad's business ended when the business was evicted by the Landlord. See attached record of eviction judgment. His father is Kheder Rababeh, the proper Defendant in this case. Imad Rababeh had no ownership interest in the business, we can prove this at hearing. Attached are the eviction records, lease and documents showing Kheder Rababeh is the only principal.

Imad Rababeh was not served with the suit to begin with; he was not present in November when the Marshall served the complaint; he was in New York, and he was impersonated by another person who told the Marshall that he was Imad Rababeh. Attached is Imad's driver license which will be shown to the Marshall to verify Imad was not the person served.

Not only was Imad never properly served, not an owner of the business, substantively I have reviewed the day and time records of the employer and there is great conflict with the evidence, exhibits and affidavit submitted by the claimant. We have the actual work schedules with her initials in real time which contradict her sworn affidavit. Enclosed are several random examples.


My Court schedule the last 10 days has been every day, and I have two trials in the circuit court of Prince William County next week. I am respectfully requesting the opportunity to exchange the information I have discovered with Complainant's counsel to resolve Imad's role in this case, if possible; if we cannot reach an agreement I am kindly requesting an opportunity to represent Mr. Rababeh by filing appropriate responsive pleadings by the end of April. I am having Mr. Rababeh deliver this letter to the Court, and a copy today to Complainant's Counsel.

Thank you for your consideration of this request.

Sincerely,

Michael Hadeed Jr.

Enclosures
Cc: Simon Sandoval-Moshenberg

# Fairfax County General District Court

 

## Civil Case Details

### Case Information

| Case Number : | GV15015355-00 | Filed Date : | 07/29/2015 |
|---|---|---|---|
| Case Type : | Unlawful Detainer | Debt Type : | |

Fairfax County General Dis ▼

Name Search
Case Number Search
Hearing Date Search
Service/Process Search


Name Search
Case Number Search
Hearing Date Search
Service/Process Search

### Plaintiff Information

| Name | DBA/TA | Address | Judgment | Attorney |
|---|---|---|---|---|
| ALVIN PECK COMPANY INC | | | Plaintiff | ALLRED & BACON |

### Defendant Information

| Name | DBA/TA | Address | Judgment | Attorney |
|---|---|---|---|---|
| THE LEBANESE BUTCH INC | | FALLS CHURCH, VA 22046 | Plaintiff | NONE |
| MOUNT OF LEBANON RESTAURANT LLC | | FALLS CHURCH, VA 22046 | Plaintiff | NONE |
| RABABEH, KHEDER | | FALLS CHURCH, VA 22046 | Plaintiff | NONE |

### Hearing Information

| Date | Time | Result | Hearing Type | Courtroom |
|---|---|---|---|---|
| 08/21/2015 | 09:30 AM | Continued | Civil Hearing | 2A |
| 09/18/2015 | 09:30 AM | Judgment | Contested Hearing | 2H |

### Service/Process

### Reports

### Judgment Information

| Judgment : Plaintiff | Costs : $48.00 | Attorney Fees : | 0 |
|---|---|---|---|
| Principal Amount : $163,103.61 | Other Amount : | Interest Award : | 6% INTEREST FROM 09- |

| | | 18-15 |
|---|---|---|
| Possession : Possession | Writ Issued Date : 12/07/2015 | Homestead Exemption Waived : No |
| Is Judgment Satisfied : | Date Satisfaction Filed : | Other Awarded : |
| Further Case Information : | | |

## Garnishment Information

## Appeal Information

| Appeal Date : | Appealed By : |
|---|---|
| | |

Back to Search Results

Home | Virginia's Court System | Online Services | Case Status and Information | Court Administration | Directories |

Forms | Judicial Branch Agencies | Programs

Build #: 5.2.2.6

**Alert to corporations regarding unsolicited mailings from VIRGINIA COUNCIL FOR CORPORATIONS is available from the Bulletin Archive link of the Clerk's Office web:**

**ATTENTION: SCC eFile and Clerk's Information System will be unavailable on Saturday, April 9, from 7:30 a.m. to 5:00 p.m., for system maintenance. We apologize for inconvenience and thank you for your patience.**

Home | Site Map | About SCC | Contact SCC | Privacy Policy



SCC eFile > Entity Search > Entity Details

Login | Create an Account



FAST. SIMPLE. SECURE.

**SCC eFile**
**Business Entity Details**

⑫ Help

| SCC eFile |
| --- |
| SCC eFile Home Page |
| Check Name |
| Distinguishability |
| Business Entity Search |
| Certificate Verification |
| FAQs |
| Contact Us |
| Give Us Feedback |

| Business Entities |
| --- |
| UCC or Tax Liens |
| Court Services |
| Additional Services |

### MOUNT OF LEBANON RESTURANT LLC

**General**

SCC ID: S3749811
Entity Type: Limited Liability Company
Jurisdiction of Formation: VA
Date of Formation/Registration: 8/24/2011
Status: Canceled

**Principal Office**

2922 ANNANDALE RD
FALLS CHURCH VA22042

**Registered Agent/Registered Office**

KHEDER RABABEH
2922 ANNANDALE RD
FALLS CHURCH VA 22042
FAIRFAX COUNTY       129
Status: Active
Effective Date: 8/24/2011

**Select an action**

File a registered agent change
File a registered office address change
Resign as registered agent
File a principal office address change
Pay annual registration fee
Order a certificate of fact of existence
View eFile transaction history
Manage email notifications

[ New Search ]   [ Home ]

Screen ID: e1000

Need additional information? Contact scc@scc.virginia.gov Website problems? Contact: webmaster@scc.virginia.gov
We provide external links throughout our site. ⑧
🔲 PDF(.pdf) Reader 🔲 Excel (.xls) Viewer 🔲 PowerPoint (.ppt) Viewer 🔲 Word (.doc) Viewer
Build #: 1.0.0.0-0444

**Alert to corporations regarding unsolicited mailings from VIRGINIA COUNCIL FOR CORPORATIONS is available from the Bulletin Archive link of the Clerk's Office webs**

**ATTENTION: SCC eFile and Clerk's Information System will be unavailable on Saturday, April 9, from 7:30 a.m. to 5:00 p.m., for system maintenance. We apologize for inconvenience and thank you for your patience.**

Home | Site Map | About SCC | Contact SCC | Privacy Policy



SCC eFile > Entity Search > Entity Details

Login | Create an Account


FAST. SIMPLE. SECURE.

### SCC eFile
**Business Entity Details**

⊕ Help

| SCC eFile |
| --- |
| SCC eFile Home Page |
| Check Name |
| Distinguishability |
| Business Entity Search |
| Certificate Verification |
| FAQs |
| Contact Us |
| Give Us Feedback |

| Business Entities |
| --- |
| UCC or Tax Liens |
| Court Services |
| Additional Services |

## LEBANESE BUTCHER, INC.

### General

SCC ID: 03288073
Entity Type: Corporation
Jurisdiction of Formation: VA
Date of Formation/Registration: 10/17/1988
Status: Terminated
Shares Authorized: 1000

### Principal Office

150 HILLWOOD AVENUE
FALLS CHURCH VA22046

### Registered Agent/Registered Office

ANNA KASSAR
113 EAST ANNANDALE RD.
FALLS CHURCH VA 22046
FALLS CHURCH CITY (FILED IN ARLINGTON
COUNTY)        304
Status: Active
Effective Date: 10/12/1994

### Select an action

File a registered agent change
File a registered office address change
Resign as registered agent
File an annual report
Pay annual registration fee
Order a certificate of good standing
View eFile transaction history
Manage email notifications

[ New Search ]   [ Home ]

Screen ID: e1000

Need additional information? Contact sccinfo@scc.virginia.gov Website questions? Contact: webmaster@scc.virginia.gov
We provide external links throughout our site. ⊕
PDF (.pdf) Reader  Excel (.xls) Viewer  PowerPoint (.ppt) Viewer  Word (.doc) Viewer
Build #: 1.0.0.30644

(PRIVATE PROCESS)

# SUMMONS FOR UNLAWFUL DETAINER
(CIVIL CLAIM FOR EVICTION)

VA. CODE § 8.01-126
Commonwealth of Virginia
.......... Fairfax County .......... General District Court
CITY OR COUNTY

4110 Chain Bridge Road, Fairfax, Virginia 22030
STREET ADDRESS OF COURT

TO ANY AUTHORIZED OFFICER: Summon the Defendant(s) as provided below;
TO THE DEFENDANT(S): You are commanded to appear before this Court on
.......... August 28, 2015 at 9:30 a.m. .......... to answer this civil claim.
RETURN DATE AND TIME

JUL 31 2015
DATE ISSUED

[ ] CLERK [X] DEPUTY CLERK [ ] MAGISTRATE

CLAIM AND AFFIDAVIT: That Defendant(s) unlawfully detain and withhold from Plaintiff(s):
.......... 2922 Annandale Road, Falls Church, Virginia 22042 ..........
ADDRESS/DESCRIPTION OF DETAINED PROPERTY

and that the Defendant should be removed from possession based on the following:

[x] unpaid rent [ ] .......... late fee
and further that rent is due and owing and damages have been incurred as follows:

$ .... 163,103.61 .... rent due for .... Sept 2013 - current .... and $ ..........
RENT                    PERIOD

$ .......... damages for .......... with interest .......... 6% doj
RATE(S) AND BEGINNING DATE(S)

and $ costs .......... 48.00 .... and $ .......... civil recovery and $ Reasonable attorney's fees.

[x] Plaintiff requests judgment for all amounts due as of the date of the hearing.
[ ] This unlawful detainer is filed to terminate a tenancy pursuant to the Virginia Residential Landlord and Tenant Act, § 55-248.2 et seq. of the Code of Virginia.

All required notices have been given.

APRIL A. YEAGER
..........scribed and sworn to before me this ..... 29 ..... day of ..... July ..... 20 ... 15 ..
..........Commission Expires 5-31-2016
.......... CIN:7516273

[ ] PLAINTIFF(S) [X] PLAINTIFF'S ATTORNEY [ ] PLAINTIFF'S AGENT

[ ] CLERK [ ] DEPUTY CLERK [ ] MAGISTRATE [X] NOTARY PUBLIC

[ ] City [ ] County of ..........

## CASE DISPOSITION

[ ] JUDGMENT that Plaintiff(s) recover against {[ ] [ ] named DEFENDANT(S).
[ ] possession of the premises described above pursuant to § 8.01-128.
[ ] A hearing shall be held on .......... to establish final rent and damages.
DATE AND TIME

[ ] Immediate writ of possession authorized pursuant to Virginia Code
  [ ] § 8.01-129 based upon a judgment for [ ] a trustee's deed following foreclosure
  [ ] [ ] the nonpayment of rent [ ] immediate non-remediable termination.
  [ ] § 55-243(C) or § 55-248.34:1(D).
DEFENDANT(S) PRESENT? [ ] YES [ ] NO

.................................................. ..........
JUDGE                                           DATE

[ ] Rent, in the sum of $ .......... and $ .......... late fee
and $ .......... damages with interest .......... and
RATE(S) AND BEGINNING DATE(S)

$ .......... costs and $ .......... civil recovery and $ .......... attorney's fees.
HOMESTEAD EXEMPTION WAIVED? [ ] YES [ ] NO [ ] NOT CANNOT BE DEMANDED
[ ] JUDGMENT FOR [ ] NAMED DEFENDANT [ ]
[ ] NON-SUIT [ ] DISMISSED DEFENDANT(S) PRESENT? [ ] YES [ ] NO

.................................................. ..........
JUDGE                                           DATE

FORM DC-421 FRONT 07/14

---

CASE NO. GV15015335-82

## Alvin Peck Company, Inc.
PLAINTIFF(S) NAME(S) (LAST, FIRST, MIDDLE)

c/o Allred, Bacon, Halfhill & Young, PC
11350 Random Hills Road, Suite 700
Fairfax, VA 22030 (703) 352-1300
TELEPHONE NUMBER

v.

The Lebanese Butcher, Inc.
DEFENDANT(S) NAME(S) (LAST, FIRST, MIDDLE)

Mount of Lebanon Restaurant, LLC

Kheder Rababeh

2922 Annandale Rd, Falls Church, VA 22046
TELEPHONE NUMBER

TO DEFENDANT: You are not required to appear,
however, if you fail to appear, judgment may be entered
against you. See the additional notice on the reverse
about requesting a change of trial location and your right
to prevent this unlawful detainer action through payment
of amounts owed.

[ ] To dispute this case, you must appear on the return
date to try this case

[ ] To dispute this case, you must appear on the return
date for the judge to set another date for trial.

If you fail to appear and a default judgment is entered
against you, a writ of possession may be issued
immediately for possession of the premises.

Bill of Particulars ordered ..........
DUE DATE

Grounds of Defense ordered ..........
DUE DATE

ATTORNEY FOR PLAINTIFF(S)
Allred, Bacon, Halfhill & Young, PC
11350 Random Hills Road, Suite 700
Fairfax, Virginia 22030 (703)352-1300
TELEPHONE NUMBER

ATTORNEY FOR DEFENDANT(S)

.................................................. ..........
TELEPHONE NUMBER

DISABILITY ACCOMMODATIONS for loss of
vision, hearing, mobility, etc. Contact the court ahead of
time.

---

HEARING DATE AND TIME

August 28, 2015

9:30 a.m.

[ ] Redemption tender
presented; continued to:

.................................................. ..........
HEARING DATE AND TIME

[ ] Defendant must pay:

$ .......... RENT OWED
into the court to be held in
escrow by ..........
DATE
and any rents coming due prior
to the next hearing date must
also be paid into the court.

.................................................. ..........
JUDGE'S INITIALS

MONEY JUDGMENT PAID OR
SATISFIED PURSUANT TO
ATTACHED NOTICE OF
SATISFACTION

.................................................. ..........
DATE

.................................................. ..........
CLERK

# LEASE

Made and executed this _16th_ day of _JULY_, 20_11_, by and between

Alvin Peck Company Inc.
(Hereinafter called "Landlord")

and

*THE LEBANESE BUTCHER INC.*

(Hereinafter called "Tenant")

That in consideration of the mutual covenants, promises, and agreements herein contained, the parties do hereby covenant, promise, and agree to and with each other as follows:

## SECTION I- PREMISES DESCRIPTION AND TERMS

**I-1. Premises-** Landlord does herby grant, demise, and lease, and Tenant does hereby take and hire from Landlord, the premises described in Appendix A and known as:
___2922 Annandale RD, Falls Church VA 22042_____

**I-2. Additional Areas-** N/A

**I-3. Term -** The term of this lease shall be _5 years__, commencing on the _1st___day of _September__, 2011_, and fully ending at Midnight on the last day of _August_____, 2016_ Tenant shall have _two____ (2) additional options of _Five (5) years each. Tenant shall notify Landlord in writing ninety (90) days prior to the expiration of the current lease or option period of Tenants intent to exercise option(s).

**I-4. Commencement Date-** The Commencement date of this lease shall be _September 1, 2011.

## SECTION II- RENT

**II-1. Rent-** The base rent for the demised premises for the first full year of this lease shall be at an annual rate of one hundred fourteen Thousand_ Dollars ($114,000.00), payable in equal monthly installments of Nine Thousand Five hundred Dollars ($9,500.00) except for the first installment. First installment is due on or before September 1, 2011 and for an amount equal to ½ of the normal base rent ($4,750). Thereafter, rent is due on the first day of each calendar month, in advance, and without any deduction whatsoever. Above credit for the first year of the lease will not change the base rent.

**II-2. Payments-** Until further notice, rent shall be payable to:
Alvin Peck Company, Inc.
and at the office of:
Alvin Peck Company, Inc.
2704 Benevento Way

Init     , RP

1

**II-3. Rent Increases-** Beginning the first month of each succeeding Lease Year after the initial year of this lease, the minimum rent shall be increased by an amount equal to the percentage increase of the Consumer Price Index for all Urban Consumers (CPI-U), available from the US Department of Labor, Bureau of Labor Statistics. The base CPI-U will be the CPI-U for the month two months prior to the commencement date and the base rent will be the base rent at the start of this lease (Section II-1). The new base rent will start on the commencement date and be adjusted annually on every anniversary thereafter. The new base rate will be the base rent (Section II-1) for the first year of this lease multiplied by the CPI-U for the month two months prior to the anniversary divided by the CPI-U two months prior to the commencement date except as stated below. The change in base rent for any given year will not be greater than 3.5% but not less than zero (0) from the previous year.

**II-4. Additional Rent-** All sums of money or charges required to be paid by Tenant under this Lease other than the basic rent shall be paid by Tenant as Additional Rent, whether or not the same shall be designated Additional Rent. If such amounts or charges are not paid at the time provided in this Lease, they shall be collectible as Additional Rent with the next installment of rent thereafter. Nothing contained in this Lease shall be deemed to suspend or delay the payment of any amount of money or charge at the time the same becomes due and payable.

**II-5 Taxes-** In addition to the minimum rental, Tenant shall pay as Additional all taxes levied against the real property of which this premises is a part, and all increases in said taxes hereafter. At the termination of the lease, Tenant shall pay for his fractional portion of that year.

**II-6. Insurance-** In addition to the minimum rental, Tenant shall pay as Additional Rent all insurance premiums, increases, and all other payments resulting from Landlord's insurance coverage of the Premises including business interruption insurance.

II-7. Common Area Maintenance N/A

**II-8. Past Due-** Rent is due on the first day of each calendar month, in advance and without any deduction whatsoever. Rent shall be considered delinquent and Past due if received more than seven (7) calendar days after the due date. Landlord will notify Tenant of delinquency by registered mail sent to address specified in VI-2. Delinquent rent may be considered as a notice to quit and termination of the lease if not cured within twenty (20) days of notice of delinquency sent to Tenant according to Section VI-2 without any other written notice from the landlord.

**II-9. Late Fees-** Landlord at landlords option may choose to accept any delinquent or past due rent, including any additional rent, subject to a fee of 5% of the rent past due. Such acceptance by landlord will void notice to quit and termination of the lease as stated in II-8.

**II-10. Holdover-** Should Tenant remain in possession of the premises after the expiration of the Lease, Tenant shall be deemed to be a Tenant from month-to-month, but subject to

Init KR / RP

2

all of the terms conditions and obligations hereof insofar as the same may be applicable to a month-to-month tenancy, and shall pay rent for each such monthly period a sum set by Landlord, not to exceed 110% of the last monthly rental. Landlord reserves the right to make additional increases after one year.

**II-11. Security Deposit-** A security deposit equal to six (6) months base rent payable in 2 parts. The first half (equal to 3 months base rent), due at lease signing and an the second half due three months after the commencement date. Each year after the first year and limited to the original term of the lease, the required security deposit will be reduced to one month less than the previous year and at the new rent. The excess will be applied to the next Real Estate tax bill. At the beginning of the fifth year, the Security Deposit will be frozen at 2 months rent for the fifth year.

## SECTION III. CONDUCT OF BUSINESS BY TENANT

**III-1. Use-** The demised premises shall be used as a Restaurant, a Butcher shop and a Grocery and no other purpose whatsoever without written permission of Landlord, which will not be unreasonably withheld. Tenant shall not permit any business to be operated in or from the demised premises by any concessionaire, licensee, or sublet without prior written consent of Landlord.

**III-2. Subletting-** Tenant will not assign this lease, sublet the premises, or permit occupancy or use of the premises or any part thereof by another party or parties, without prior written consent of Landlord.

**III-3. Operation of Business-** ~~Tenant shall conduct its business in the Leased Premises no less than the regular customary days and hours for such type of business in the area in which the Premises is located. Tenant shall operate all of the Leased Premises during the entire term of this lease with due diligence and efficiency so as to provide the maximum return to the Landlord and Tenant.~~ Tenant shall keep all displays and signs, if any, well lighted during operating hours. Tenant will be permitted to display any and all banners in accordance with state and county laws and regulations.

**III-4. Requirements of Law-** Tenant will, at its own cost, promptly comply with and carry out all orders, requirements or conditions now or hereafter imposed upon it by ordinances, laws, and/or regulations of the municipality or the county in which the premises are located, whether required of Landlord or otherwise, in the conduct of Tenant's business. Tenant will indemnify and save Landlord harmless from all penalties, claims or demands resulting from Tenant's failure or negligence in this respect.

**III-5. Nuisances-** Tenant shall not permit any objectionable noise or offensive odors or sounds to be emitted from the premises. Tenant shall not do or permit anything tending to create a nuisance or to disturb any occupants or neighboring premises, nor do anything tending to injure the reputation of the Building. Tenant shall not conduct nor allow upon the premises any activities which run contrary to law.

Init _KR_ / _RP_
_H_

3

**III-6. Competition-** Tenant shall not perform any acts, carry on any practices, nor sell any merchandise which may injure the Premises ~~or be a nuisance or menace to other Tenants of the Landlord~~.

**III-7. Storage-** Tenant shall warehouse, store, and/or stock on the Leased Premises only such goods, wares, and merchandise as are required for day-to-day operation of the business.

**III-8. Property-** All property in said premises shall be and remain at Tenant's sole risk, Landlord shall not be liable for loss or damage to property of Tenant or others arising from theft, fire, explosion, bursting, overflowing or leaking of the roof or of water, sewer or steam pipes, or from heating or plumbing fixtures, or from electric wires or fixtures, or from any other cause whatsoever, unless such damage shall be caused by the willful act or gross neglect of Landlord to make such repairs as are required herein.

**III-9. Utilities-** Tenant shall provide electric, gas, water, heat, air conditioning, and all other utilities and services at Tenant's expense.

# SECTION IV- MAINTENANCE OF LEASED PREMISES

**IV-1 Insurance-** All insurance required to be maintained under the terms of this lease shall be written by insurer(s) authorized to write insurance in the state where the leased premises are located. Such insurance may be maintained under blanket policies covering other stores operated by the Tenant. Tenant shall maintain policy or policies in force and effect, at its own cost and expense, at all times during the lease term. Tenant shall cause the insurer(s) to furnish to Landlord certificates of insurance stating that no policy change or cancellation will be made without giving thirty (30) days notice to Landlord or Landlord's agent. Tenant shall maintain policy or policies of liability insurance for the protection, indemnification, and defense of tenant (with Landlord named as an additional insured) against claims, demands, and causes of action arising out of or in connection with, the use, maintenance, operation, and occupancy of the leased premises. Policy or policies shall have limits of not less than two million dollars ($2,000,000.00) combined single limit coverage per incident. Tenant shall maintain fire and extended coverage insurance on the building located on the leased premises. Such policy or policies of insurance shall name both Landlord and Tenant as the insured and shall provide that all insurance proceeds are to be paid jointly to Landlord and Tenant. The minimum limits of such insurance coverage shall be the replacement cost of the building. If such insurance does not include coverage for losses by vandalism and malicious mischief, Tenant shall be liable as an insurer with respect to any such losses. Should insurance proceeds be insufficient to cover the cost of replacement or repairs, Tenant shall be responsible for costs not covered by insurance proceeds. Business interruption insurance will be paid for by Tenant. Tenant is advised to carry additional insurance to cover Tenants needs.

**IV-2. Fire-** Tenant will not do or permit anything to be done, in or upon the premises, or bring or keep, or permit anything to be brought or kept, in or on the premises, which shall increase the rate of fire insurance on the building of which demised premises are a part, or the property located therein.

Init KL / RP

4

**IV-3. Repairs / Alterations** – Tenant accepts the premises *as is*. This does not preclude Tenant from performing certain responsibilities as outlined in appendix __C__. Tenant shall take good care of the premises. Tenant will, at Tenant's own risk, cost, and expense, during the term of this agreement or any renewal or extension thereof, make all repairs and replacements to the premises as the same become necessary or are required, including, but not limited to: roof, air conditioning system, heating plant, pipes, radiators, ducts and/or plumbing fixtures. Any and all maintenance should be performed by licensed and bonded contractors. Tenant will notify Landlord of and any repairs, replacements, or alterations costing over $8,000.00. ~~should be approved in writing by Landlord prior to the start of work.~~

All alterations, additions, and improvements made in and to the premises shall, unless otherwise provided by written agreement, become the property of the Landlord, and shall remain upon and be surrendered with the premises. Tenant shall secure proper permits for all alterations, additions, and improvements made in and to the premises and shall comply with all building codes and local laws. All damage or injury done to the premises by Tenant, or by any person who may be in or upon the premises with consent of Tenant, shall be paid for by Tenant. Tenant shall, at the termination of this lease, surrender the premises to Landlord in as good condition as reasonable and proper use thereof will permit. Landlord reserves the right to make repairs that may be considered necessary for the preservation of said leased premises or the said building. For the purpose of repairs or maintenance, Landlord may erect any necessary scaffolding or other temporary structures in or around said premises. Landlord shall not be liable to Tenant for any damage or inconvenience thereby suffered.

**IV-4. Fixtures-** Tenant may install any furniture, fixtures, lighting, and machinery necessary to conduct his business, provided that any such installations conform with all federal, state, and local codes, laws, and regulations. Any and all such installations should be performed by licensed and bonded contractors. ~~and should be approved in writing by Landlord prior to the start of work.~~ All furniture, fixtures, and machinery paid for by Tenant shall remain property of the tenant, regardless of the method in which any such property may be attached or affixed to the premises, provided they be removed before the expiration of the term. Any installed lighting shall be deemed part of the building, and shall become property of the Landlord, unless otherwise documented in an agreement signed by Landlord. In the event any damage is done to premises in removal, Tenant will promptly reimburse Landlord for the cost of such repairs as are necessary to restore said premises to their original condition. Any such furniture, fixtures, and machinery not so removed before expiration of the term or any extension thereof shall be deemed to have been abandoned by Tenant and shall become property of the Landlord.

**IV-5 Indemnity-** Tenant agrees to indemnify and save harmless Landlord from and against all claims of third parties arising out of Tenant's use, occupancy, maintenance, and operation of the leased premises, except such claims resulting form the willful act or gross neglect of Landlord or his agents.

**IV-6. Liens-** Tenant shall have no right to encumber or subject the interests of the Landlord in the demised premises to any mechanics, material-liens or other liens of any nature whatsoever. In the event any lien is filed, Tenant shall cause the same to be

Init _XP/ AP_      5

removed promptly (within sixty (60) days). Tenant may in good faith contest any lien, so long as Tenant indemnifies and holds Landlord harmless from all liabilities for damages in the event of a judgment. The failure of Tenant to have the lien removed from record shall constitute a violation of this agreement and entitle Landlord, at his option, to take any legal action as specified in this lease.

**IV-7. Access-** Landlord or Landlord's agent reserve the right to enter upon said premises at all reasonable times during normal business hours for the purposes of inspection, repair, and to show them to prospective purchasers. Landlord may show premises to prospective tenants of the building only within the last 90 days of the lease.

**IV-8. Signs-.** Landlord or Landlord's agent shall have the right to display such signage as deemed necessary for the purpose of leasing the premises within ninety (90) days of the expiration of the current lease or option period.

**IV-9. Casualty, Damage, and Destruction-** Tenant shall give immediate notice to Landlord in case of fire or acts of God in the Demised Premises or in the building of which they are apart, or of defects therein, or in any fixtures or equipment. If the premises shall be partially damaged by fire or act of God, and Tenant can reasonably carry on its business in said premises, the same shall be repaired or restored by Landlord, at his expense, as speedily as practicable, due allowance being made for the time taken for the settlement of insurance claims. Until the repairs shall be made, the minimum rental shall be reduced in proportion to the portion of the premises that is unusable. In the event of destruction (meaning damage to the extent of seventy-five (75%) or more of its usefulness) of said premises by fire or other cause insured against, Landlord shall have the option to restore the same promptly in accordance with the provisions hereof, or to cancel and terminate this Lease upon notice to Tenant at any time within thirty (30) days after the date of such destruction.

## SECTION V- FINANCIAL RESPONSIBILITIES

**V-1. Subordination** This lease, and Tenant's rights hereunder, shall be, at Landlord's option, subject and subordinate to the lien of any bona fide mortgages or deeds of trust that may now or at any time hereafter be placed against the Demised Premises by Landlord to secure money borrowed from any recognized financial institution. Tenant agrees, at any time hereafter, to execute any instruments, releases or other documents that may be required for this purpose, including but not limited to:

(a) Offset Statement: Within ten (10) days after request therefore by Landlord, or in the event that upon any sale, assignment or hypothecation of the Demises Premises and/or the land there under by Landlord an offset statement shall be required from Tenant. Tenant agrees to deliver, in recordable form, a. certificate to any proposed mortgagee or purchaser, or to Landlord, certifying (if such be the case) that this Lease is in full force and effect and that there are no defenses or offsets thereto, or stating those claimed by Tenant.

**(b)** Adornment Statement: Tenant shall, in the event any proceedings are brought for the foreclosure of, or in the event of exercise of the power of sale under any mortgage made by the Landlord covering the Demised Premises, adorn to the purchaser upon any such foreclosure or sale and recognize such purchaser as the Landlord under this lease.

**V-2 Bankruptcy-** In the event Tenant shall be adjudicated bankrupt, or a receiver or trustee of his property and assets be appointed after Tenant has exhausted his legal remedies in opposing such receivership, or if Tenant shall take an assignment or other conveyance for the benefit of his creditors, or if Tenant shall voluntarily file Petition of Bankruptcy in any Federal or State proceeding, or if Tenant shall suffer or permit a final judgment or decree for the payment of money to be entered against him and execution to issue thereon and be levied upon his interest in this Lease, and such execution and levy be not dismissed within thirty (30) days after the date of such execution said levy. Upon the happening of any such event, the term hereby demised shall, at Landlord's option, cease and terminate.

**V-3. Default-** If Tenant shall fail to make any rental payment aforesaid, or shall vacate or abandon the Demised Premises during the term hereof, or fail to take possession and operate its business, or break or violate any of the within covenants, conditions, agreements, rules or regulations, and if such breach be not corrected within ten (20) days after notice by Landlord to Tenant of such breach; then and in any of the said events, the whole sum to be paid as rental throughout the entire term of this Lease shall become due and payable, and this Lease and all things herein contained shall, at Landlord's option, cease and determine and shall operate, as a Notice to Quit, any other Notice to Quit being hereby expressly waived. Landlord shall have the right, at its option, to take possession of the Demised Premises and let the same as agent of Tenant and at Tenant's risk and Tenant's default. No re-entry by Landlord shall relieve Tenant from liability for the difference between the rent herein reserved and the net rent actually received by Landlord during the term remaining after such default occurs, or from any other obligation of Tenant. Nothing in this paragraph shall deem to waive any other right or remedy of the Landlord. Tenant shall reimburse Landlord's legal fees.

**V-4 Condemnation-** If the Demised Premises or any part thereof shall be taken pursuant to the power of eminent domain, Tenant hereby assigns to Landlord any rights which Tenant may have to any portion of any award made as a result of such taking. If the whole of the Demises Premises shall be acquired, or in the event of a partial taking which shall render the Demised Premises unsuitable for Tenant's business, then the term of this Lease shall cease and terminate as of the date the public authority assumes possession thereof.

## SECTION VI- RULES, NOTICES, AND AGREEMENT

**VI-1. Rules and Regulations-** Landlord reserves the right from time to time to amend or supplement rules and regulations and to adopt additional rules and regulations which are necessary or advisable for the safety, care, protection, or cleanliness of the premises or persons therein. Notice of such additional rules and regulations, and amendments and supplements, if any, shall be given to Tenant; and Tenant agrees to comply with and

Init _KR / RLP HA_                    7

observe all such rules and regulations and amendments thereto and supplements thereof. Tenant's failure to keep and observe said rules and regulations shall constitute breach of the terms of this Lease in the same manner as if the same were contained hereto as covenants.

**VI-2. Notices-** Unless otherwise notified in writing, any notices required or given hereunder by Landlord may be deemed to have been given if sent by registered or certified mail to Tenant, addressed to:

THE LEBANESE BUTCHER INC,
2922 Annandle Road
Falls Church VA. 22042,

or any other address as directed by Tenant. Notice is deemed to be receive the earlier of the date of when signed for or 10 days after 1st attempt to deliver said notice.

Any notices required or given hereunder by Tenant to Landlord shall be deemed to have been given if sent by registered or certified mail to Landlord or Landlord's agent, addressed to:

Alvin Peck Company, Inc.
2704 Benevento Way
Cedar Park, TX 78613,

or any other address as directed by Landlord. Notice is deemed to be receive the earlier of the date of when signed for or 5 calendar days after 1st attempt to deliver said notice.

**VI-3. Attorney's Fees-** Its the event it becomes necessary for Landlord to obtain the services of an attorney and take legal action against Tenant in connection with the breach of conditions herein set forth on the part of Tenant, Tenant covenants and agrees that its addition to all other relief allowed by law that Tenant will pay reasonable attorneys' fees plus the clerk's fee, the marshal's fee, and any and all additional costs that may be incurred in the event that legal action becomes necessary.

**VI-4. Adjudication-** The Lessee and Lessor hereby waive their right to a trial by jury.

**VI-5. Quiet Enjoyment-** Upon payment by Tenant of the rents herein provided, and upon the observance and performance of all the covenants, terms and conditions on Tenant's part to be observed and performed, Tenant shall peaceably and quietly hold and enjoy the Demised Premises for the term hereby demised without hindrance or interruption by Landlord or any other person or persons lawfully or equably claiming by, through or under Landlord, subject, nevertheless, to time terms and conditions of this Lease.

**VI-6. No Partnership-** Landlord does not in any way or for any purpose become a partner of Tenant in the conduct of its business, or otherwise, or joint adventurer or a member of a joint enterprise with Tenant.

Init KP / RB                                      8

**VI-7. Binding Effect-** The terms, conditions and agreements herein contained shall be kept and performed by the respective parties hereto and will be binding upon them and each of their successors and assigns, and no waiver of any breach of any agreement, condition or covenant herein contained shall be construed to be a waiver of the said condition, covenant Or agreement itself or of subsequent breach thereof, or of this agreement. Violation of any of the terms, conditions, or agreements contained herein may be considered breach of this lease, and may warrant remedy such as the Landlord requires.

**VI-8. Interpretation-** In the event any covenant of condition herein contained is held to be invalid or void by any court of competent jurisdiction, the validity of any such covenant or condition shall in no way affect any other covenant or condition herein contained. Time and each of its terms, covenants and conditions are hereby declared to be the essence at this contract.

**VI-9. Entire Agreement-** This Lease and the Exhibits, and Additional Provisions, if any attached hereto and forming a part hereof, set forth all the covenants, promises, agreements, conditions and understandings between Landlord and Tenant concerning the Demises Premises and there are no covenants, promises, agreements, conditions or understanding either oral or written, between them other than are herein set forth. Except as herein otherwise provided, no subsequent alteration, amendment, change or addition to this Lease shall be binding upon Landlord or Tenant unless reduced to writing and signed by them.

## VII Additional Agreement

**VII -1.** Tenant will have the right of first refusal. In the event someone makes Landlord an offer to purchase that is acceptable to Landlord, and it is a legitimate signed offer, Tenant will have 2 business days to substitute his name on an offer with the same terms and conditions.

If Tenant does not exercise the right of first refusal, the property will be sold subject to any lease then in effect. A new landlord will assume Landlords' rights and responsibilities. The new Landlord will not have the power to prematurely terminate an existing lease that is in effect and not in default.

**VII-2.** Tenant will have the right to purchase demised premises for the sum of One Million Seven Hundred fifty thousand and no dollars (1,750,000.00) at any time during the first three years of this lease. During the 4th year of this lease the price will be $1,800,000.00 and during the last year of this lease, the price will be $1,850,000.00. The option to purchase does not extend beyond the end of the fifth (5th) year. This clause will survive a sale of property per section VII-1 within the time limits of this section.

Tenant is advised that some of the sellers are currently real estate brokers or associates.

Landlord agrees to give procession of the demised premises upon acceptance of the Lease and after the security deposit has cleared Landlords, Bank.

Init KR: AP/ #          9

Landlords furniture and equipment currently on the premises may be used by Tenant rent free. If Tenant desires any of Landlord's equipment to be removed from the premises, Tenant shall notify Landlord.

**Landlord**          **Date**          **Tenant**          **Date**

Roy Peck   7/16/2011                                    7/16/2011

Tema Barnes   7/18/20_11

# Virginia
VA, USA
## UNDER 21
## DRIVER'S LICENSE



**Customer Identifier**
A61449325

**Sex**
M

**Class**
NONE

**Eyes**
BRO

**Endorsements**
NONE

**Height**
5FT 5IN

**Restrictions**
NONE

**Iss REN**
08/25/2015

**Exp**
09/10/2023

**Name**
RABABEH
IMAD,KHEDER



**Address**
5006 TERRELL ST
ANNANDALE, VA 22003-5129


www.dmvNow.com

DD 074422344

| UNDER 18 UNTIL | UNDER 21 UNTIL | Date of birth |
| --- | --- | --- |
| 09/10/2013 | 09/10/2016 | 09/10/1995 |

# Supermarket Employee Schedule

| | MON 9/22 | TUES 9/23 | WED 9/24 | THURS 9/25 | FRI 9/26 | SAT 9/27 | SUN 9/28 | | Leave Blank |
|---|---|---|---|---|---|---|---|---|---|
| Francisco | ✓ | X | ✓ | ✓ | ✓ | ✓ | ✓ | Paid in full 10/8/14. Francisco Rodriguez | |
| Maria | ✓ | ✓ | ✓ | X | ✓ | (Immus exp.) | X | 250 +tip 10/8/14. Paid in full 10/17/14. | |
| Tony | X | ✓ ✓ | X | X | ✓ | ✓ | X | Paid in full | |
| Reina | ✓ | X | X | X | X | X | ✓ | Paid in full | |
| New guy | X | X | X | X | X | X | ✓ | | |
| Total | | | | | | | | | |

# Supermarket Employee Schedule

| | MON 5/26 | TUES 5/27 | WED 5/28 | THURS 5/29 | FRI 5/30 | SAT 5/31 | SUN 6/1 | | Leave Blank |
|---|---|---|---|---|---|---|---|---|---|
| Francisco | ✓ | X | ✓ | ✓ | ✓ | ✓ | ✓ | Francisco Reyzado | |
| Maria | ✓ | X | ✓ | X | ✓ | ✓ | 1/2 | 2ND 600 Previous PAID 6/11/14 | |
| Tony | X | X | X | ✓ | ✓ | ✓ | ✓ | | |
| Am samir | X | ✓ | X | X | X | ✓ | X | | |
| Muath | ✗ | ✗ | ✗ | ✓ | X | X | X | 1,600 Previous | |
| Mo Abutaah SH | ✓ | ✓ | ✓ | ✓ | ✓ | 1/2 | ✓ | | |
| Mariluna DW | | | | X | ✓ | ✓ | ✓ | Paid. | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| | | | | | | | | | |
| Total | | | | | | | | | |

| | MON 5/19 | TUES 5/20 | WED 5/21 | THURS 5/22 | FRI 5/23 | SAT 5/24 | SUN 5/25 | | | Leave Blank |
|---|---|---|---|---|---|---|---|---|---|---|
| Francisco | ✓ | ✗ | ✓ | ✓ | ✓ | ✓ | ✓ | | | |
| Maria | ✓ | ✓ | ✗ | ✓ | ✓ | ✓ | | | | |
| Tony | ✗ | ✗ | ✗ | ✗ | ✓ | ✓ | | | | |
| Am samir | ✗ | ✗ | ✓ | ✗ | ✗ | ✗ | ✗ | | | |
| Muath | ✗ | ✗ | ✓ | ✓ | ✗ | ✗ | ✗ | | | |
| Mo Abutaah SH | 1/2 | 1/2 | ✗ | ✗ | ✓ | ✓ | ✗ | | | |
| Mariluna DW | ✓ | ✓ | ✓ | ✗ | ✓ | ✓ | ✓ | | | |
| | | | | | | | | | | |
| Total | | | | | | | | | | |

1453   1408
485 — 100 gram   —40 cashier
1328

$100  5/20/14 ——— Aznavi

Mucis Glasses

# Supermarket Employee Schedule

| | MON 5/12 | TUES 5/13 | WED 5/14 | THURS 5/15 | FRI 5/16 | SAT 5/17 | SUN 5/18 | | | | | Leave Blank | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| Francisco | ✓ | ✗ | ✓ | ✓ | ✓ | ✓ | ✓ | payed to Francisco | | | | | |
| Maria | ✓ | ✓ | ✓ | ✗ | ✓ | ✓ | ✗ | | | | | | |
| Tony | ✗ | ✓ | ✓ | ✗ | ✓ | ✓ | ✓ | | | | | | |
| Am samir | ✗ | ✗ | ✗ | ✗ | ✗ | ✗ | ✗ | 1655 200 s/le = 1855  485 cash s/20 | | | | | |
| Muath | ✓ | ✓ | ✓ | ✓ | ✓ | 1/2 | 1/2 | | | | | | |
| Mo Abutaah SH | 1/2 | ✗ | 1/2 | 1/2 | ✗ | ✗ | ✗ | | | | | | |
| Mariluna DW | ✓ | ✓ | 1/2 | ✗ | ✓ | ✓ | ✓ | $450 → 5/17/14 - Aznan | | | | | |
| Aznan | | | | | | | | | | | | | |

# Supermarket Employee Schedule

| | MON 5/5 | TUES 5/6 | WED 5/7 | THURS 5/8 | FRI 5/9 | SAT 5/10 | SUN 5/11 | | | | Leave Blank |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Francisco | ✓ | ✗ | ✓ | ✓ | ✓ | ✓ | ✓ | | | | |
| Maria | ✓ | ✓ | ✓ | ✗ | ✓ | ✓ | ✗ | | | | |
| Tony | ✓ | ½ | ✗ | ✓ | ✓ | ✓ | ✓ | | | | |
| Am samir | ✗ | ✗ | ✗ | ✓ | ✗ | ✗ | ✗ | | | | |
| Muath | ✗ | ✓ | ✓ | ✓ | ✓ | ✓ | ✗ | | | | |
| Mo Abutaah SH | ½ | ✓ | ✓ | ½ | ✓ | ✓ | ✓ | | | | |
| Mariluna DW | | | | ✗ | ✓ | ✓ | ✓ | | | | |
| Total | | | | | | | | | | | |

# Supermarket Employee Schedule

| | MON 4/28 | TUES 4/29 | WED 4/30 | THURS 5/1 | FRI 5/2 | SAT 5/3 | SUN 5/4 | | | | Total |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Francisco | ✓ | ✗ | ✓ | ✓ | ✓ | ✓ | (scribble) | | | | |
| Maria | ✓ | ✓ | ✓ | ✗ | ✓ | ✓ | ✗ $100 cash $19/14 PAID | | | | |
| Tony | ✗ | ✓ ½ | ½ | ✓ | ✓ | ✓ | ✓ ✗ | | | | |
| Am samir | ✗ | ✗ | ✗ | ✗ | ✓ | ✓ | ✗ | | | | |
| Muath | ✓ | ✓ | ✓ | ✓ | ✓ | ✗ | ✗ 1890 -200 cash 1690 | | | | |
| Mo Abutaah SH | ½ SUN | ✓ | ✓ | ✓ | ✗ | ✓ | ✗ SDAY89 remaining 4/28 PAID IN FULL of 4/38 as of 4/30 | | | | |
| Mariluna DW | ✓ | ✓ | ✓ | ✗ | ✓ | ✓ | ✓ PAID 5/7/4 | | | | Leave Blank |

| | Mon 4/21 | Tue 4/22 | Wed 4/23 | Thurs 4/24 | Fri 4/25 | Sat 4/26 | Sun 4/27 |
|---|---|---|---|---|---|---|---|
| Francisco | ✓ | x | ✓ | 1/2 | ✓ | ✓ | x |
| Maria | ✓ | ✓ | ✓ | x | ✓ | ✓ | ✓ |
| Tony | ✓ | ✗ | x | ✓ | ✓ | ✓ | ✓ |
| Mvatn | ✓ | ✓ | 1/2 | x | ✓ | ✓ | ✓ |
| Aovtaan | PAID | PAID | ✓ | x | ✓ | x | ✓ |
| Ansamii | x | ✓ | x | x | x | ✗ | x |
| Manici 2 | x | ✓ | x | x | x | ✓ | x |

PAID pagado Francisco

2450
— 30 Produt — 2450
2450 — 20 Senicrit — 260 co/h — 300 co/h
— 1510g.                           st
$2.501  $2450.10  $2,010
$1840

Paid 1 day 2 7/24 2i

# SUPERMARKET/BUTCHER EMPLOYEE SCHEDULE

| | MON. | TUES. | WED. | THURS. | FRI. | SAT. | SUN. | |
|---|---|---|---|---|---|---|---|---|
| | | 4/14/14 | 4/15/14 | 4/16/14 | 4/17/14 | 4/18/14 | 4/19/14 | 4/20/14 | |
| Francisco | ✓ | ✗ | ✓ | ✓ | ✓ | ✓ | ✓ | PAYD 70.20 yo yo Francisco |
| Maria | ✓ | ✓ | ✓ | (✗) | ✓ | ✓ | ✗ | 180 ... $200 |
| Tony | ✓ | ✗ | ✗ | ✓ | ✗ | ✓ | ✓ | 4/20/14 $100 left |
| AM SAMir | ✓ | ✗ | ✗ | ✗ | Ⓧ | ✓ | ✗ | $300 left |
| month | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | |
| AbrAsh | ✓ | ✓ | ✓ | ✓✓ | ✓ | ✓ | ✓ | Paid 1360 left Paid 1-22-14 |
| maria Z | ✓ | ✗ | ✓ | ✓ | ✓ | ✓ | ✓ | Paid Maria Z |

# SUPERMARKET / BUTCHER EMPLOYEE SCHEDULE

| | MON. 4/7/14 | TUES. 4/8/14 | WED. 4/9/14 | THURS. 4/10/14 | FRI. 4/11/14 | SAT. 4/12/14 | SUN. 4/13/14 | |
|---|---|---|---|---|---|---|---|---|
| Fran Eslo | ✓ | X | ✓ | ✓ | ✓ | ✓ | ✓ | 400 4/28 Regla 20-40/0 Fransico |
| Mame | ✓ | ✓ | ✓ | X | ✓ | ✓ | ✓ | 250 |
| Tony | X | X | X | X | ✓ | ✓ | 1/2 | Ano 4/20 |
| Am Samir | X | X | X | X | X | X | ✓ | |
| month | X | ✓ | X | X | ✓ | ✓ | ✓ | 23-30 left |
| mo Alotah | X | X | ✗ | ✗ | ✓ | ✓ | ✓ | ⟵ 1700 Left |
| Jondan | ✓ | ✓ | ✓ | X | ✓ | ✓ | X | Paid |
| | | | | ✓ | | | | |
| | | | | | | | | |

@ 100 pa

# SUPERMARKET/BUTCHER EMPLOYEE SCHEDULE

| | MON. 3/31 | TUES. 4/1 | WED. 4/2 | THURS. 4/3 | FRI. 4/5 | SAT. 4/6 | SUN. 4/7 | |
|---|---|---|---|---|---|---|---|---|
| Francisco | ✓ | X | ✓ | ✓ | ✓ | ✓ | ✓ | Francisco pagado |
| Mona | ✓ | ✓ | X | ✓ | ✓ | ✓ | X | |
| Tony | X | X | X | X | | | | |
| Ann Samir | X | X | X | X | ⊗ | ⊗ | ✓ | |
| Muern | ✓ | ✓ | X | ✓ | ✓ | ✓ | ✓ | |
| Mu. Aztah | X | X | X | X | X | X | X | |
| Jonathon | ✓ | ✓ | ✓ | X | ✓ | ✓ | ✓ | |
| | | | | | | | | |
| | | | | | | | | |

# SUPERMARKET/BUTCHER EMPLOYEE SCHEDULE

| | MON. 3/24 | TUES. 3/25 | WED. 3/26 | THURS. 3/27 | FRI. 3/28 | SAT. 3/29 | SUN. 3/30 | |
|---|---|---|---|---|---|---|---|---|
| Francisco | ✓ | X | ✓ | ✓ | ✓ | ✓ | ✓ | pagado Francisco |
| Maria | ✓ | ✓ | ✓ | X | ✓ | X | X | |
| muslim | X | X | X | X | ✓ | X | ✓ | |
| Tony | X | X | X | X | ✓ | ✓ | ✓ | |
| Am Samir | X | ✓ | X | ✓ | ✓ | ✓ | ✓ | |
| Mazin | ✓ | ✓ | X | ✓ | X | ✓ | ½ | |
| Mo. Mazraah | X | X | ✓ | X | ✓ | ✓ | ✓ | PAID |
| Jonathan. | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | |
| Rania | ✓ | X | ✓ | ✓ | ✓ | X | X | |

# SUPERMARKET/BUTCHER EMPLOYEE SCHEDULE

| | MON. 3/17 | TUES. 3/18 | WED. 3/19 | THURS. 3/20 | FRI. 3/21 | SAT. 3/22 | SUN. 3/23 | | |
|---|---|---|---|---|---|---|---|---|---|
| FRANCISCO | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | 4/2/14 |
| MARIA | ✓ | ✗ | ✓ | ✗ | ✗ | ✗ | ✗ | 4/5/14 | |
| MUSLIM | ✗ | ✗ | ✗ | ✗ | ✗ | ✗ | ✗ | | |
| TONY | ✗ | ✗ | ✗ | ✓ | ✓ | ✗ | ✗ | | |
| AIN STMIR | ✗ | ✓ | ✓ | ✓ | ✓ | ✗ | ✗ | Needs 1833 | |
| MUAIH | ✗ | ✓ | ✓ | ✗ | ✗ | ✗ | ✗ | | |
| Mr. Korean | ✗ | ✓ | ✓ | ✓ | ✓ | ✓ | ✓ | | |
| DONUS / Jonathan | | | | | | | | | |

# SUPERMARKET/BUTCHER EMPLOYEE SCHEDULE

| | MON. 3/10/14 | TUES. 3/11/14 | WED. 3/12/14 | THURS. 3/13/14 | FRI. 3/14/14 | SAT. 3/15/14 | SUN. 3/16/14 | | |
|---|---|---|---|---|---|---|---|---|---|
| Francisco | ✓ | ✗ | ✓ | ✓ | ✓ | ✓ | ✓ | | |
| Maria | ✓ | ✓ | ✓ | ✓ | ✗ | ✗ | ✗ | | |
| Muslim | ✗ | ✗ | ✗ | ✗ | ✗ | ✗ | ✗ | | |
| Tony | ✓ | ✓ | ✗ | ✗ | ✓ | ✓ | ✓ | | |
| Am Samir | ✗ | ✓ | ✓ | ✓ | ✓ | ✓ | ✗ | | |
| month | ✓ | ✗ | ✗ | ✗ | | | | | |
| Abo Taa | | ✗ | ✗ | ✗ | ✗ | ✗ | ✓ | | |