UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

AVILA FLORES, Reyna Isabel

*Plaintiff,*

v.

RABABEH, Kheder

*Defendant*

**Case No: 1:15-cv-1415-TSE-TCB**

**Plaintiff's Memorandum of Law in Support
of her Motion for Attorney's Fees**

# Introduction

Having prevailed in this Fair Labor Standards Act (FLSA) case, Plaintiff has moved this Court for an award of her attorneys' fees.[1] In support of that motion, Plaintiff submits this Memorandum and its accompanying supporting exhibits.

As set out in the accompanying declarations, Plaintiff seeks attorneys' fees of $11,088. Plaintiff does not seek an award of costs.

# Procedural Background

Plaintiff worked as a food preparation and maintenance worker at Defendant's Lebanese restaurant. Defendant did not pay her at the overtime rate for overtime work that she performed, and paid her nothing at all for her last five weeks of work, other than a single payment of $265.

---

[1] Plaintiff proceeded in this case *in forma pauperis*, so there are no litigation costs for her to recoup.

Plaintiff filed her Complaint on October 30, 2015 (ECF No.1) and served it on him on November 15. (ECF No. 5). On December 3, she amended her complaint to add Defendant's son Imad Rababeh as a defendant (ECF No. 6), and the two were served with the Amended Complaint on December 23. Neither of the Rababehs answered either complaint, and the Clerk entered their default on January 21, 2016. (ECF No.13).

On March 1, 2016, Plaintiff moved for default judgment. (ECF No. 15). The motion was referred to Magistrate Judge Buchanan, who held a hearing on it on March 18. (*See* ECF No.18). Imad Rababeh appeared at the hearing, and the Magistrate Judge granted both him and Defendant an additional three weeks to respond to the Amended Complaint. (ECF No. 19). During that time, Imad Rababeh retained counsel and later was dismissed from the case. (ECF No. 24). But Defendant Kheder Rababeh never filed any response to Plaintiff's Amended Complaint.

On May 3, Plaintiff filed a Second Motion for Default Judgment, against Defendant Kheder Rababeh only. (ECF No. 25). Finally, on June 8, 2016, a representative of Magistrate Judge Buchanan's chambers asked Plaintiff to submit a motion for attorneys' fees, so that the Magistrate Judge can present a single comprehensive Report & Recommendation to the District Judge for review.

## Argument

Plaintiff is represented by attorneys Nicholas Marritz and Simon Sandoval-Moshenberg of the Legal Aid Justice Center, a not-for-profit legal services provider. Plaintiff now seeks an award of attorneys' fees under the FLSA, which provides that, if a plaintiff's claim is successful, the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). Although Plaintiff has not yet been granted judgment in her favor, she is likely to do so

because her complaint states a plausible claim and Defendants are in default. If Plaintiff is granted default judgment, she will be entitled to her attorney's fees.

### A. An attorney's fee petition must be based on a reasonable number of hours multiplied by a reasonable hourly rate.

"The payment of attorney's fees to employees prevailing in FLSA cases is mandatory." *Burnley v. Short*, 730 F.2d 136, 141 (4th Cir. 1984). The amount of the fee award, however, is within the sound discretion of the trial court. *Id*. In *Hensley v. Eckerhart*, the Supreme Court provided the framework for deciding the merits of fee petitions: "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. 424, 433 (1983). This "lodestar" calculation "provides an objective basis on which to make an initial estimate of the value of a lawyer's services." *Id.* Plaintiff bears the burden of showing that her claimed hours of compensation are adequately demonstrated and reasonably expended, *Hensley*, 461 U.S. at 437, and the district court may reduce the award for inadequate documentation of hours or for hours not "reasonably expended" due to overstaffing or inexperience. As in private practice, "[h]ours that are not properly billed to one's client are not properly billed to one's adversary pursuant to statutory authority." *Id.* at 434 (emphasis omitted).

That Plaintiff's counsel are not-for-profit practitioners is of no moment; as Judge Brinkema has noted, the "reasonableness of the time expended must . . .be judged by standards of the private bar." *Alford v. Martin & Gass, Inc.*, No. 1:08-cv-595 LMB-TRJ, 2009 WL 2447936, at *5 (E.D. Va. Aug. 3, 2009), quoting *DiFilippo v. Morizio*, 759 F.2d 231, 235 (2d. Cir.1985). This is because the fee award is meant to reflect the "the value of the work product to the client in light of the standards of the private bar." *DiFilippo*, 795 F.2d at 236. The other element of the lodestar calculation (in addition to time reasonably expended) is the

reasonableness of plaintiff's attorney's hourly rates. In *Blum v. Stenson*, 465 U.S. 886, 895 (1984), the Supreme Court held that fees under 42 U.S.C. § 1988 were to be "calculated according to the prevailing market rates in the relevant community." "When the applicant for a fee that carried [his] burden of showing that the claimed rate and number of hours were reasonable, the resulting product is presumed to be the reasonable fee" to which counsel is entitled. *Blum*, 465 U.S. at 897; *see also City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) (there is a "strong presumption" that the lodestar represents the reasonable fee).

In this circuit, a court requested to award fees determines the requesting party's

> "lodestar figure," *i.e.*, the reasonable hourly rate times the number of hours reasonably expended, in light of the twelve factors set forth in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978). Those factors are: (1) the time and labor expended; (2) the novelty and difficulty of the questions raised; (3) the skill required to properly perform the legal services rendered; (4) the attorney's opportunity costs in pressing the instant litigation; (5) the customary fee for like work; (6) the attorney's expectations at the outset of the litigation; (7) the time limitations imposed by the client or circumstances; (8) the amount in controversy and the results obtained; (9) the experience, reputation and ability of the attorney; (10) the undesirability of the case within the legal community in which the suit arose; (11) the nature and length of the professional relationship between attorney and client; and (12) attorneys' fees awards in similar cases.
>
> The Court need not address all twelve *Kimbrell's* factors independently because such considerations are usually subsumed within the initial calculation of hours reasonably expended at a reasonable hourly rate.

*Wells Fargo Bank, N.A. v. Walls*, No. 1:12-cv-664, 2013 U.S. Dist. LEXIS 57415, *5-7 (E.D. Va. Mar. 4, 2013) (citations, quotations, brackets and footnote omitted).

In computing the reasonable hours expended, the fee applicant should reference contemporaneous time and expense records. *See Webb v. Bd. of Educ.*, 471 U.S. 234, 238 n.6 (1985). Counsel for the prevailing party should make a good-faith effort to exclude hours from the fee petition that are excessive, redundant, or otherwise unnecessary, just as a lawyer in

private practice must do. *See Hensley*, 461 U.S. at 434. An appraisal that time spent was "not reasonably necessary" to the litigation "turns on so many subjective factors that it seldom should be the basis for reduction of an attorney's fee." *Jacquette v. Black Hawk County*, 710 F.2d 455, 460-62 (8th Cir. 1983). Accordingly, courts should seek to avoid micromanaging disagreements, intransigence, and unreasonable negotiating positions in construing fee petitions and accord some deference to counsel's judgment on the amount of time that they considered necessary to prepare and pursue the case. *See Commonwealth of Puerto Rico v. Heckler*, 745 F.2d 709, 714 (D.C. Cir. 1984).

**B. Plaintiff's attorney's fee petition is fair and reasonable.**

Here, Plaintiff's counsel recorded billing entries contemporaneously, and their billing statements identify the amount of time expended, the tasks performed, and the costs incurred. The time and expense billing entries for this case are included in Plaintiff's counsel's accompanying Declarations. *See* Marritz Decl. Ex. A; Sandoval-Moshenberg Decl. at ¶10. Counsel removed or reduced many time entries that were excessive, unnecessary, or that otherwise warranted adjustment in the exercise of billing discretion. Marritz Decl. at ¶9; Sandoval-Moshenberg Decl. at ¶9. In short, the fees now sought are only those that counsel believe to be fair and reasonably necessary to the litigation, after making a good-faith evaluation of all recorded hours of work performed in relation to Plaintiff's case.

Accordingly, the total amount of billable hours that Plaintiff's attorneys expended in the prosecution of Plaintiff's case is as follows:

- **Nicholas Marritz: 30.4 hours**

- **Simon Sandoval-Moshenberg: 3.2 hours**

Although the legal questions raised in this case were not particularly novel, the factual investigation and preparation necessary to prove the quantum of damages, as well as the personal liability of the Defendant and his son, required skill and familiarity with the FLSA.

This was a highly undesirable case for the private bar. The plaintiff speaks no English, has low literacy in her native language, and has no formal schooling beyond elementary school. Furthermore, Defendant never provided paystubs or other employment records, requiring any private attorney to spend valuable time to determine Plaintiff's damages and Defendant's personal liability for those damages. In addition, from the beginning of this case, the undesirability of the case was heightened by the Defendant's financial condition: at the time this case was filed, the restaurant at which Plaintiff worked had already lost its LLC status for failure to pay the annual registration fee in November 2013. Marritz Decl. ¶11(f). And shortly after the case was filed, the restaurant itself ceased operations and went out of business. *Id.* Thus there were substantial doubts as to whether Defendant would have the resources to pay any judgment obtained. There is a real possibility that Plaintiff's counsel will collect nothing for their extensive work in this matter, regardless of any award the Court ultimately makes.

This matter was also unattractive because of the difficulties inherent in representing clients who are not fluent in English. In addition to creating difficulties in attorney-client communications, this lack of English proficiency would have required Plaintiff's counsel to advance substantial amounts for interpreters to interpret Plaintiff's trial testimony.

Counsel have also incurred opportunity costs in pursing this litigation. An award of attorney's fees is thus appropriate because, although the Legal Aid Justice Center is a non-profit organization, the time it spent on this case was time that it by definition could not spend on other low-income workers who need representation in employment matters. In addition, if this case

had been unsuccessful, counsel would have recovered no fees—as a free legal services organization, counsel will receive no compensation for this matter other than that awarded by the Court. Moreover, even if awarded fees, it remains uncertain whether counsel will be able to collect on such an award, as the Defendant may have limited assets.

Nonetheless, counsel anticipate an outstanding judgment for their client, as Plaintiff will likely to obtain judgment in the amount of $43,791.90 in unpaid wages and liquidated damages. The fees requested are reasonable in light of the likely recovery. Plaintiff has not prolonged this matter in order to obtain additional fees; rather, her counsel have worked to minimize fees and expenses. As discussed in detail below, Plaintiff's counsel's rates are reasonable and are comparable to those charged by private counsel in employment-related cases before this court.

Legal Aid Justice Center is one of the premier groups providing representation to poor people in Virginia. Mr. Sandoval-Moshenberg is the Director of the organization's Immigrant Advocacy Project. *See* Sandoval-Moshenberg Decl. at ¶2. Both he and Mr. Marritz have substantial wage-and-hour litigation experience. *See* Sandoval-Moshenberg Decl. at ¶5; Marritz Decl. at ¶¶5–6. Both are fluent in English and Spanish *See* Sandoval-Moshenberg Decl. at ¶12(e); Marritz Decl. at ¶4.

Skill is a heavily weighted factor in the federal courts' lodestar analysis "because experience and reputation are a mirror image of skill." *Peacock v. Bank of Am. Corp.*, 133 F. Supp. 2d 1322, 1327 (M.D. Fla. 2000). "Skill is evidenced by an attorney's initial case assessment, continuing negotiation and settlement attempts, persuasiveness, and other fundamental aspects of organization and efficiency." *Id.* "The underpinning for these facets of legal skill is knowledge, knowledge of trial practice and knowledge of substantive law." *Norman v. Housing Auth. of the City of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988). Properly

calculating the damages owed to Plaintiff, especially in light of the lack of records available, required close familiarity with the FLSA and its application.

Under fee-shifting statutes such as the FLSA, the hourly rate component of the lodestar is determined with reference to the reasonable hourly rates in the legal community where the case is litigated. *See, e.g.*, *Robinson v. Equifax Information Servs., LLC*, 560 F.3d 235, 244 (4th Cir. 2009). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984). Here, Plaintiff's counsel used the following rates in calculating their lodestar:

- **Nicholas Marritz: $320 per hour**
- **Simon Sandoval-Moshenberg: $425 per hour.**

Accordingly, Plaintiff makes the following request for her attorney's fee award:

- **Nicholas Marritz: 30.4 hours × $320 per hour = $9,728**
- **Simon Sandoval-Moshenberg: 3.2 hours × $425 per hour = $1,360**

**TOTAL: $9,728 + $1360 = $11,088**

## Conclusion

Plaintiff's counsel have audited their records in this matter and believe that the fees requested in this motion were reasonably necessary in the preparation and prosecution of Plaintiff's claims. Consequently, Plaintiff requests an award of attorneys' fees of **$11,088**.

Respectfully submitted this 13th day of June, 2016,


//s// Nicholas Cooper Marritz
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 778-3450 × 607
Fax: (703) 778-3454
nicholas@justice4all.org

//s// Simon Y. Sandoval-Moshenberg
Simon Y. Sandoval-Moshenberg (VSB No. 77110)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 778-3450 × 605
Fax: (703) 778-3454
simon@justice4all.org


ATTORNEYS FOR PLAINTIFF

<u>**Certificate of Service**</u>

I hereby certify that I uploaded **Plaintiff's Memorandum of Law in Support of her Motion for Attorney's Fees**, along with its accompanying exhibits, to the Court's CM/ECF system today, June 13, 2016, causing a notice of electronic filing to be sent to all counsel of record.

I also sent a copy to the following non-CM/ECF participants today by U.S. Mail:

> Kheder Rababeh
> 5006 Terrell St.
> Annandale, VA 22003
>
> Michael Hadeed, Jr
> Hadeed Law Group, P.C.
> 510 King Street, Suite 400
> Alexandria, VA 22314
> Tel: 703.962.7452
> Fax: 703.962.7473
> michael@hadeedlaw.com
> *Counsel for Imad Rababeh*

<u>//s// Nicholas Cooper Marritz</u>                                    Date: June 13, 2016
Nicholas Cooper Marritz (VSB No. 89795)
LEGAL AID JUSTICE CENTER
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 778-3450 x 607
Fax: (703) 778-3454
nicholas@justice4all.org
*Counsel for Plaintiff*