UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA

(Alexandria Division)

AVILA FLORES, Reyna Isabel

    *Plaintiff,*

    v.

RABABEH, Kheder

    *Defendant*

**Case No: 1:15-cv-1415-TSE-TCB**

### Declaration of Nicholas Marritz, Esq.

1. My name is Nicholas Cooper Marritz (VSB No. 89795). I am over 18 years of age and competent to make this declaration.

2. I am a staff attorney with the Immigrant Advocacy Program at the Legal Aid Justice Center (LAJC). I am a 2011 graduate of the University of Washington School of Law. I have been admitted to practice law in California since June 2012 and in Virginia since January 2016 (when I was also admitted to practice before this Court).

3. As a staff attorney with LAJC, a large part of my docket consists of plaintiff-side litigation under the Fair Labor Standards Act, in both state and federal court.

4. I am fluent in both English and Spanish and communicate with Plaintiff exclusively in Spanish.

5. Prior to joining LAJC, I served as a staff attorney with Farmworker Justice in Washington, D.C., representing low-wage immigrant farmworkers in federal courts across the country, including in the following cases involving the Fair Labor Standards Act:

1

- *Villalobos v. Calandri Sonrise Farms LP*, 2:12-cv-2615 (C.D. Cal.)
- *Smith v. Bulls-Hit Ranch & Farm*, 3:12-cv-449 (M.D. Fla.)
- *Jimenez v. GLK Foods, LLC*, 1:12-cv-209 (E.D. Wis.) and *Ramirez v. GLK Foods, LLC*, 1:12-cv-210 (E.D. Wis.) (not counsel of record)
- *Ruiz v. Fernandez*, 2:11-cv-3088 (E.D. Wash.) (not counsel of record)

6. I am counsel of record in two other FLSA cases currently pending before the Eastern District of Virginia: *Rivas and Gutierrez v. R&R Catering, LLC et al.*, Case No. 1:16-cv-343-LMB-JFA and *Claros et al. v. Sweet Home Improvements, Inc. et al.*, Case No. 1:16-cv-344-AJT-MSN. However, this is my first application for statutory attorney's fees before this court.

7. Accordingly, I am seeking a rate of $320 per hour, which is below the $325 *Laffey* rate for 2015–16, and in keeping fee award approved by this Court last year in *MTU Am. Inc. v. Swiftships Shipbuilders LLC*, No. 1:14-cv-733-LMB-TCB, 2015 WL 4139176 at *4 (E.D. Va. July 8, 2015), in which Judge Brinkema approved a third-year associate's hourly rate of $310.

8. LAJC is prohibited by its state charter from charging clients for attorney's fees. However, this does not prohibit LAJC attorneys from seeking an award of fees under federal fee-shifting statutes, including the Fair Labor Standards Act. (*See* 29 U.S.C. § 216(b)). In any event, the FLSA only entitles prevailing plaintiffs to "reasonable" attorney's fees. In the Fourth Circuit, the "reasonableness" of an attorney's fee is determined by the multi-factor test set forth in *Barber v. Kimbrell's, Inc.*, 577 F.2d 216 (4th Cir. 1978) and its progeny. Under *Barber*, the actual attorney's fee paid by the client has little or no bearing on the reasonableness of a fee award.

9. According to my time records, which I entered contemporaneously into our case-management software, JusticeServer, I spent a total of 61.8 hours on this case. In the exercise of billing discretion, I then eliminated various time entries, including all time entries related

to negotiations with the attorney for former defendant Imad Rababeh; all time entries related to an alternative theory of liability that I ultimately chose not to pursue; and all time entries related to planning case strategy and supervision with my co-counsel Simon Sandoval-Moshenberg. I have also eliminated or reduced various other time entries in this case. A

10. Accordingly, I am seeking a fee award of 30.4 hours, or a little less than 50% of the total time I spent on this case. 30.4 hours × \$320/hour = **\$9,728** for my work as counsel for Plaintiff in this case, pursuant to 29 U.S.C. § 216(b).

11. The other *Barber* factors also support an award of \$9,728 in fees for my work on this case:

    a. The legal questions raised in this case were not particularly novel, but the factual investigation and preparation necessary to prove the quantum of damages, as well as the personal and joint-and-several liability of each defendant, required skill and familiarity with the FLSA.

    b. Plaintiffs' counsel suffered an opportunity cost in litigating this case, as it took me away from my regular docket of public-interest litigation on behalf of indigent Virginians;

    c. The anticipated results do not warrant a reduction in the fee award, as Defendant has defaulted and Plaintiff thus anticipates an award of all damages sought;

    d. The case was undesirable within the legal community, because the Plaintiff is a low-wage worker who does not have money to pay litigation costs, much less attorney's fees. In addition, because Plaintiff received no employment records (such as paystubs) from the Defendant, additional investigation and calculation were required to determine the merits and value of her case;

e. The undesirability of the case, and the degree of difficulty in representing this plaintiff, were both heightened by the fact that the Plaintiff speaks only Spanish, has no formal education beyond primary school, and has a low literacy level in her native language. I am bilingual in Spanish and English, whereas another attorney would have had to spend a considerable amount of money in hiring an interpreter in order to communicate with this client.

f. Finally, the undesirability of the case was heightened by the Defendant's financial condition: at the time this case was filed, the restaurant at which Plaintiff worked had already lost its LLC status for failure to pay the annual registration fee in November 2013. And shortly after the case was filed, the restaurant itself ceased operations and went out of business.

12. Plaintiff filed this case *in forma pauperis* and has incurred no compensable costs in litigating the matter. Accordingly, Plaintiff does not seek an award of costs.

13. I declare under penalty of perjury that the foregoing is true and correct.


Respectfully submitted,

LEGAL AID JUSTICE CENTER

By: _____                         Date: June 13, 2016
Nicholas Cooper Marritz (VSB No. 89795)
6066 Leesburg Pike, Suite 520
Falls Church, VA 22041
Tel: (703) 778-3450 x 607
Fax: (703) 778-3454
nicholas@justice4all.org
*Counsel for Plaintiff*